Theodore F. JOHNSON, Plaintiff,

v.

NEW YORK CITY TRANSIT AUTHORITY, William Oates, John Fred Frasario, Gary Lampell, Lou Nicosia, Henry Kossman, and "John" Jenkins, Defendants.

Theodore F. JOHNSON, Plaintiff,

v.

NEW YORK CITY TRANSIT AUTHORITY and Local 100, Transport Workers Union of America, AFL–CIO, Defendants.

Nos. 83 CV 1352, 85 CV 0629.

United States District Court,
E.D. New York.

May 8, 1986.

Alan Wolin, Lecci, Wolin & Wolin, Hicksville, N.Y., for plaintiff.

Albert C. Cosenza, Brooklyn, N.Y. for defendant New York City Transit Authority; Janice Taylor, of counsel.

O'Donnell & Schwartz, New York City, for defendant Local 100; Catherine J. Minuse, of counsel.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Theodore F. Johnson, a former car inspector with the New York City Transit Authority ("NYCTA"), commenced an action against the NYCTA and six NYCTA employees on or about March 25, 1983, alleging that the NYCTA and the six named employees had discriminated against him on the basis of race in violation of 42 U.S.C. § 1983, and in violation of the First, Fifth, Ninth, and Fourteenth Amend-

ments to the United States Constitution. In his Amended and Supplemental Complaint filed on January 23, 1984, plaintiff sought one million dollars in compensatory damages, three million dollars in punitive damages, and a permanent injunction against the defendants designed to restrain them from engaging in the type of behavior described in plaintiff's complaint.

On May 4, 1984, the defendants filed a motion to dismiss the complaint or, in the alternative, for summary judgment. In an Order dated May 25, 1984, Judge Henry Bramwell granted defendants' motion to dismiss as to those claims arising prior to August, 1977, on the grounds of the application of the statute of limitations, *res judicata*, and judicial economy. He denied defendants' motions with respect to those claims arising *after* August, 1977, but specifically reserved defendants' right to renew their motions upon the completion of discovery. The defendants subsequently renewed their motions before this Court as to the post August, 1977, claims.

Not satisfied with the first complaint, plaintiff commenced yet another action in this Court on February 27, 1985, against the NYCTA and against Local 100 of the Transport Workers Union of America, AFL–CIO ("Local 100"), based on the same alleged occurrences which formed the basis of the § 1983 complaint. Plaintiff alleged that he had been discriminated against in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") and he sought $500,000 in compensatory damages, $1,000,000 in punitive damages, plus reinstatement and back pay.[1] The § 1983 action and the Title VII action were ordered consolidated.

Both defendants have now filed motions to dismiss the complaints on the ground of *res judicata* and/or failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment. The NYCTA moved for an award of costs and attorney's fees in the § 1983 action, and Local 100 has interposed a counterclaim for costs and attorney's fees in the Title VII action.

## BACKGROUND

Although plaintiff's claims arising prior to August, 1977, have already been dismissed, those claims are summarized here to provide a complete context for the discussion which follows. Theodore F. Johnson, a black man, was employed by the NYCTA from February 16, 1971, until August, 1983. During the course of his employment, he was a member of the Transport Workers Union, Local 100, which had negotiated a collective bargaining agreement with the NYCTA.

Johnson's litigious relationship with the NYCTA began shortly after he was hired. In 1972, the NYCTA allegedly asked Johnson to work on Sundays. He refused to comply, claiming religious grounds for his objection to the request, and he subsequently filed the first of many complaints against the NYCTA with the New York State Division of Human Rights ("SDHR"). In his present federal complaint, Johnson claims that he has suffered years of retaliation at the hands of the NYCTA simply because he filed this first SDHR complaint. He alleges that this action triggered "a malicious and planned program of harassment, retaliation, and retribution" by the defendants. (Amended and Supplemental Complaint in 83 CV 1352 at ¶ 11).

On November 19, 1976, plaintiff claims that he was overcome by steel dust, asbestos, and other chemicals while working as a car inspector. He was taken to Brookdale Hospital and thereafter, from November 19 to December 1, 1976, he was treated at the New York Veterans Administration Hospital for nausea, chest pain, vomiting, and breathing difficulties. He returned to work on January 3, 1977, and was placed

---

1. Plaintiff demanded trial by jury, as well as punitive and compensatory damages. It is clear beyond cavil, however, that a jury trial is not available in a Title VII action. *See, e.g., Snell v. Suffolk County,* 611 F.Supp. 521, 523 (E.D.N.Y. 1985), *aff'd* 782 F.2d 1094 (2d Cir.1986). Nor are punitive and compensatory damages available as a remedy under Title VII. *See* 42 U.S.C. § 2000e–5(g).

on restricted duty status after examination by a NYCTA physician. He was instructed by the physician not to enter "the pits, trains, or structures." (Complaint at ¶ 4).

Plaintiff claims that despite the physician's instructions, he was ordered to perform his regular duties by the defendant William Oates, his supervisor. Plaintiff protested, but the defendant Oates allegedly insisted that he follow orders. During this time, plaintiff continued to receive outpatient treatment until February 24, 1977, when he was hospitalized at the Veterans Hospital in Brooklyn where he remained until March 2, 1977, when he returned to work.

Plaintiff once again became ill and was hospitalized at Veterans Hospital on April 12, 1977. Upon returning to work, plaintiff was placed on restricted duty. On June 3, 1977, the NYCTA physician again examined plaintiff and ordered him placed on "permanent restricted duty," not to enter onto the tracks, into the trains, or in the pits. Instead, plaintiff was authorized to do clerical work. In order to effect the physician's orders, the NYCTA requested that the plaintiff sign an affidavit indicating "voluntary change of title from car inspector to junior railroad clerk at junior railroad clerk pay on July 27, 1977." Since this meant a demotion at less pay, plaintiff refused to sign. Subsequently, plaintiff was suspended without pay until November 4, 1977, when he was formally charged with violation of NYCTA rules and regulations. The trial board which held a hearing on these issues dismissed all charges except two: 1) reporting late for work on one of two occasions, and; 2) plaintiff's medical incompetence to perform the duties of Car Inspector. The penalty imposed was a suspension from July 27, 1977, through March 3, 1978. The Appellate Division, upon hearing plaintiff's appeal, subsequently modified the penalty to a period of three months.

When plaintiff returned to work after the suspension, he claims that he was the victim of continual harassment. He alleges that he was forced to go into the pits to scrape dirt and grease, to load and unload trucks, and to perform other tasks which were medically contraindicated. He also alleges that he was threatened by NYCTA employees, and that these employees went so far as to "set him up" in dangerous situations. One such alleged "set up" occurred on June 29, 1981, when plaintiff claims he was standing on a ladder which "someone" pushed, causing plaintiff to fall eight to ten feet and to suffer "serious permanent injuries." Plaintiff has not worked since this incident. It is unclear whether plaintiff simply quit, was suspended, or was discharged.

Plaintiff's complaint further contains a potpourri of allegations of retaliation and harassment, including arbitrary denial of pay differential, improper docking of his pay, and improper charges brought against him. Finally, plaintiff alleges that he was improperly denied a new subway travel pass. On August 24, 1983, plaintiff attempted to use his outdated travel pass at the subway on 116th street. As a result he was arrested for failing to pay his subway fare. Since he believes that he was improperly denied a new pass, he views this incident as unlawful arrest and detention by the Transit Authority officers.

The defendants deny all of plaintiff's allegations of harassment, intimidation, and retaliation. The NYCTA's position is that when plaintiff was found medically incompetent to perform the duties of car inspector, it had every right to demote him with less pay pursuant to Article 14 of the Schedule of Working Conditions agreed to by plaintiff's union, Local 100. Article 14 states that if an employee is permanently medically restricted and has less than ten years of service with the employer, then the NYCTA has the right to demote that employee with less pay.

As to plaintiff's status upon "separation" from the NYCTA, the NYCTA maintains that Johnson has been "absent without proper authority since at least August 26, 1983, and has failed to report for duty as directed." As a result of this unauthorized absence, the NYCTA on October 20, 1983,

proffered charges of "Misconduct and/or Incompetence" against Johnson. In reply, Johnson contends that he was never directed to report for duty after he left the NYCTA in June, 1981.

## DISCUSSION

### I. *Res Judicata.*

The defendants urge that Johnson's claims arising after August, 1977, should be dismissed on the ground of *res judicata.* They urge that Johnson has raised all of the claims contained within his federal complaint in prior complaints filed with various New York State administrative and judicial tribunals, and that he has therefore had his day in court. *See* Chart at Appendix A.

■ In general, state court proceedings receive the same full faith and credit in the federal courts as they would receive in New York courts. *See* 28 U.S.C. § 1738 (1982); *see also Migra v. Warren City School District Board of Education,* 465 U.S. 75, 80, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) (in § 1983 action *res judicata* applied based on prior state court adjudication). The full faith and credit requirement applies to both § 1983 actions and to Title VII actions. *See Allen v. McCurry,* 449 U.S. 90, 103–04, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308; *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 476, 102 S.Ct. 1883, 1894, 72 L.Ed.2d 262 (1982).

■ To determine whether *res judicata* applies, plaintiff's claims must first be categorized according to the state fora in which they were litigated. Plaintiff's claims fall into two categories: (1) those claims which were pressed no further than state *administrative* tribunals, and; (2) those claims which were considered by state *courts.* As to those claims which were considered only by state *administrative* tribunals, it is well-settled in this Circuit that *res judicata* cannot apply. *See Kremer,* 456 U.S. at 470 n. 7, 102 S.Ct. at 1891 n. 7; *see also Chandler v. Roudebush,* 425 U.S. 840, 844–45, 96 S.Ct. 1949, 1951–52, 48 L.Ed.2d 416 (1976); *Bottini v. Sadore Management Corp.,* 764 F.2d 116

(2d Cir.1985). As to those claims which were adjudicated by state *courts, Kremer* requires the reviewing court to apply the forum state's collateral estoppel law.

■ Under New York law, a determination must be made as to whether there is an identity of issues such that an issue to be decided in the second proceeding is an issue necessarily decided in the prior action, and whether the party against whom collateral estoppel is asserted has a full and fair opportunity to litigate the issue in the prior proceeding. *See Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 500–01, 478 N.Y.S.2d 823, 826–27, 467 N.E.2d 487, 490–91 (1984) *see also Allen v. McCurry,* 449 U.S. at 95, 101 S.Ct. at 415. Upon review of the judgments rendered by the New York courts concerning Johnson's prior claims, this Court finds it impossible to determine exactly which issues were raised and what kinds of hearings plaintiff was given on his discrimination claims. Several SDHR findings of "no probable cause" were affirmed by the reviewing courts without opinion, or plaintiff's petitions were dismissed for failure to exhaust administrative remedies or failure to perfect the appeal. Perhaps it was so obvious to the state courts that plaintiff's petitions were meritless that they felt no need to elaborate upon the findings made by the SDHR. In any event, this Court cannot determine from the summary affirmances that plaintiff was afforded a "full and fair opportunity to litigate" his claim. Accordingly, plaintiff's claims cannot be dismissed on *res judicata* grounds, *see Allen v. McCurry,* 449 U.S. at 95, 101 S.Ct. at 415; *Hill v. Coca Cola Bottling Company of New York,* 786 F.2d 550 (2d Cir.1986), and the Court must proceed to the allegations of the complaint.

### II. *Failure to State a Claim.*

In considering the motions to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must accept plaintiff's claims as true and accord them a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30

L.Ed.2d 652 (1972). It may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) ). The issue before the Court is whether Johnson's allegations state a claim under 42 U.S.C. § 1983 and under Title VII.

#### A. *The § 1983 Action.*

■ 42 U.S.C. § 1983 states in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ..."

To state a claim under § 1983, the plaintiff must, at minimum, allege intentional discrimination on the basis of race. *General Building Contractors v. Pennsylvania*, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); *Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Plaintiff's complaint fails to meet this minimum standard in that it is devoid of any specific allegation of intentional discrimination on the basis of race. Only three paragraphs of the complaint make reference to race. Johnson simply asserts, "Upon belief, if I was non-Black, I would not have been afforded this treatment." *See* Complaint in 85 CV 0629 at ¶ 11(4); Complaint in 83 CV 1352 at ¶ 47, ¶ 48 ("defendants' actions ... denied plaintiff equal conditions of employment because of his race and color") ("Plaintiff alleges that he has been subjected to differing treatment as compared to other employees of the NYCTA").

It is well-settled in this Circuit that "a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a Court could find a violation of the Civil Rights Acts, fails to state a claim under 12(b)(6)." *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978) (citations omitted); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977); *Koch v. Yunich*, 533 F.2d 80, 85–6 (2d Cir.1976); *Fine v. City of New York*, 529 F.2d 70, 73 (2d Cir.1975). In *Patton v. Dumpson*, 425 F.Supp. 621, 626 (S.D.N.Y.1977), the Court aptly stated the rule and the policy behind it as follows:

"As a general rule notice pleading is sufficient, but an exception has been created for cases under the Civil Rights Acts. The reason for this exception is clear. In recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts. A substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants—public officials, policemen, and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation and still keep the doors open to legitimate claims."

*Patton*, 425 F.Supp. at 626, *quoting Valley v. Maule*, 297 F.Supp. 958, 960 (D.Conn. 1968).

■ Johnson's complaint fails to allege any factual basis for his charge of racially motivated discriminatory acts. His complaint contains a conclusory statement that he was "treated differently" than other NYCTA employees, but he provides no specific factual basis. He does not allege with any specificity that similarly situated, non-minority employees were treated differently, nor does he provide any factual basis for the allegation that the alleged offending actions of the NYCTA and its employees were the result of racial animus. Accordingly, the complaint must be and is hereby dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## B. *The Title VII Claim.*[2]

Johnson's claims under Title VII must be considered in light of the now familiar pleading requirements set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To plead facts sufficient to state a Title VII claim under *McDonnell Douglas,* Johnson must allege with particularity that he is a member of a protected class; that he was qualified for the job he held or sought, and that similarly situated non-minority individuals were treated differently. To determine whether these pleading requirements have been met, Johnson's complaint against the NYCTA, and his complaint against Local 100, must be scrutinized.

### 1. *The NYCTA.*

■ Since the complaint contains only vague, conclusory allegations of discrimination, and "set[s] forth no facts upon which a Court could find a violation of the Civil Rights Acts, [the complaint] fails to state a claim under 12(b)(6)." *Martin,* 588 F.2d at 372. Johnson has failed to satisfy the second and third prongs of the *McDonnell Douglas* test in that he has not alleged with particularity that he was qualified for a position which he was denied, or that he was discharged from a position held due to discrimination. He further fails to demonstrate with *any* specificity that similarly situated individuals at the NYCTA were treated differently. The Court must there-fore dismiss this Title VII complaint against the NYCTA for the same reasons discussed in dismissing the § 1983 complaint. *See* Discussion, *supra,* at 891–92.

### 2. *Local 100.*

Once again the Court measures Johnson's allegations against Local 100 by *McDonnell Douglas* standards and finds that plaintiff has failed to state a cause of action against the union. In paragraph 11 of his complaint, plaintiff alleges that on October 20, 1983, he was "brought up on an unfair charge," and that he was consequently "threatened with disciplinary action." He then alleges, in *haec verba:*

"My *union* has failed to represent me in good faith. I am a dues paying member in good standing.

2. My employer refused to provide me with differential pay in accordance with regulations; consequently I filed a union grievance. My union failed to adequately represent me and determined that I was not entitled to the differential pay."

■ Johnson's complaint contains only two other specific allegations against Local 100. At paragraph 13, he states that " ... the NYCTA and Local 100 had failed to cooperate with the Civil Service Commission's review of plaintiff's dismissal." The final allegation appears at paragraph 20 of the complaint, where it states "That plain-

---

**2.** Title VII states in pertinent part:
(a) It shall be an unlawful employment practice for and *employer*—
(1) To fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin.
(c) It shall be an unlawful employment practice for a *labor organization*—
(1) to exclude or to expel from its membership or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
(2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

tiff alleges that he has been subjected to differing treatment as compared to other employees of the NYCTA and other members of Local 100." Here, the Court is presented with vague, conclusory allegations of "differing treatment," which are insufficient to state a claim under Title VII. *See* Discussion, *supra,* at 891–92.

Although the Court has grounds to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court may also consider the motion as one for summary judgment under Rule 56 if matters outside the pleadings are considered. In this case, the motions filed by the defendants have been styled motions to dismiss or, in the alternative, for summary judgment. The NYCTA has submitted a chart which summarizes all of the prior complaints filed by the plaintiff against the NYCTA and Local 100 in New York State administrative and judicial tribunals. The Court has considered the information contained in this chart (the accuracy of which is undisputed by the plaintiff) in analyzing the Title VII claim against Local 100. Consequently, the Court has concluded that it may also grant summary judgment in favor of Local 100.

Summary judgment is appropriate only when there is "no genuine issue as to any material fact," and a party must be "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is to be granted only "when a review of the entire record demonstrates that there is no genuine issue as to any material fact." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir.1980). The Court must determine whether there are issues of fact to be tried. *Heyman v. Commerce and Ind. Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir.1975). The burden is on the moving party to show that no such issues exist. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether the movant has met this burden, all ambiguities must be resolved against the movant. *Heyman,* 524 F.2d at 1320. Nonetheless, "the mere possibility that a factual dispute may exist, without more, is

not sufficient to overcome a convincing presentation by the moving party." *Quinn,* 613 F.2d at 445. Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of fact. *R.G. Group, Inc. v. Horn & Hardart Co.,* 751 F.2d 69, 77 (2d Cir.1984).

Although cases brought under the civil rights laws should be generously treated so as to promote "the purposes of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens," *McDonnell Douglas,* 411 U.S. at 800, 93 S.Ct. at 1823, such cases are not exempt from Rule 56 standards. "When, in fact, nothing remains to be tried, a defendant has the right to judgment without the expense of a trial. Courts must protect defendants from oppressive and meritless litigation." *Reich v. New York Hospital,* 513 F.Supp. 854, 863 (S.D.N.Y.1981); *see also Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985).

The Court's examination of the record before it demonstrates clearly that there is no genuine issue of material fact. Plaintiff's three allegations against Local 100 are baseless. As to plaintiff's first allegation that the union failed to fairly represent him in the disciplinary proceeding, it is apparent from the record that the union did in fact submit plaintiff's differential pay grievance to arbitration and, in fact, that the arbitrator ruled in part in plaintiff's favor. *See* Chart at Appendix A, # 12.

As to plaintiff's allegation that the union failed to cooperate with the Civil Service Commission's review of his dismissal, the Court finds that this, too, is a meritless allegation. Johnson brought an Article 78 proceeding against the NYCTA and the City Civil Service Commission seeking reinstatement or a hearing on his dismissal. Both defendants moved for dismissal for failure to state a claim. Special Term, Part I, found that Johnson had failed to timely appeal the decision recommending his dismissal, and that he had no recourse to the

Civil Service Commission. *See* Chart at Appendix A, # 13. The Appellate Division subsequently affirmed the decision of Special Term. *See* Chart at Appendix A, # 14. Consequently, the union had absolutely no duty to cooperate with the Civil Service Commission in seeking a nonexistent review power, and its "failure" to do so does not provide the basis for a cognizable claim.

In sum, the Court finds that plaintiff's allegations against Local 100 are completely belied by the facts. This finding, coupled with the fact that plaintiff's only allegation of racial discrimination is nothing more than a conclusory allegation that he has been "subjected to differing treatment," entitles Local 100 to judgment as a matter of law. *Seymore v. Reader's Digest Ass'n, Inc.*, 493 F.Supp. 257, 262 (S.D. N.Y.1980); *see also Town of Orangetown v. Ruckelshaus*, 740 F.2d 185, 190 (2d Cir. 1984); *Universal City Studios, Inc. v. Nintendo Co., Ltd.*, 746 F.2d 112, 115 (2d Cir.1984).

## III. COSTS AND ATTORNEY'S FEES

The NYCTA moved for costs and attorney's fees as part of its motion to dismiss the § 1983 action. Local 100 interposed a counterclaim for costs and attorney's fees in its motion to dismiss the Title VII action.[3] Under the traditional "American Rule" governing the allocation of litigation costs, the parties pay their respective counsel fees, regardless of the outcome of the action. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Congress has, however, enacted statutory exceptions to this rule which permit fees to be awarded to prevailing parties.

The Civil Rights Attorney's Fees Act of 1976, *codified at* 42 U.S.C. § 1988 (1982) provides:

"[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, . . . the court,

in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

A substantially similar fee-shifting provision applies to actions brought under Title VII. 42 U.S.C. § 2000e–5(k) provides:

"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private · person."

The Supreme Court has held that a district court may award counsel fees to a prevailing *defendant* pursuant to either of the two aforementioned statutues only where it finds that the plaintiff's action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). In a further refinement of this standard, the *Christiansburg* court also stated that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. at 700. This standard has consistently been applied in the Second Circuit. *See, e.g., Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 252 (2d Cir.1985); *Harbulak v. County of Suffolk*, 654 F.2d 194 (2d Cir.1981); *Prate v. Freedman*, 583 F.2d 42 (2d Cir.1978).

 Applying the standard to the facts of this case, the Court finds that Johnson's claim was "unreasonable and groundless, [and that] plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 700. Since 1972, plaintiff has filed at least six complaints with the SDHR, all of which were based on the same occurrences which form

---

**3.** Plaintiff has disputed the technical appropriateness of Local 100's counterclaim for attorney's fees. In view of the Court's disposition of the attorney's fees issue, it is unnecessary to decide whether Local 100's counterclaim is properly interposed.

the basis of the instant federal action. *See* Chart at Appendix A. Every one of those complaints resulted in a finding of no probable cause to believe that a human rights violation had occurred. When plaintiff appealed these findings to the Appeal Board of the SDHR, to the New York State Supreme Court, and in some cases to the Appellate Division of the Supreme Court, all of the decisions below were either affirmed, or the petition dismissed outright. In sum, plaintiff has spent the last thirteen years dragging these defendants up and down the administrative and judicial ladders of the state of New York, and no tribunal has ever found any merit in his claim. "These repeated failings should have put the plaintiff on notice of the possibility that his adversaries might be awarded counsel fees." *Eastway Const. Corp.*, 762 F.2d at 252; *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir.1976).

■ In addition to the Court's statutory authority to assess attorney's fees against *parties* who have brought frivolous lawsuits and lost, the Court has the power to assess costs and fees against *attorneys* who have prosecuted such lawsuits. Federal Rule of Civil Procedure 11, amended in 1983, states in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief *formed after reasonable inquiry it is well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless in-

crease in the cost of litigation. [Emphasis added].

In determining the standard governing the Court's finding under Fed.R.Civ.P. 11, the Second Circuit has recently held that "a showing of subjective bad faith is no longer required to trigger sanctions imposed by the rule," *Eastway Const. Corp.*, 762 F.2d at 253–4, and that "the language of the new Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Simply put, subjective good faith no longer provides the safe harbor it once did." *Id.* at 253. It is unnecessary for the Court to find that plaintiff's counsel acted in subjective bad faith in bringing a series of state and federal actions. The Court does find, however, that plaintiff's counsel prosecuted both a § 1983 action and a Title VII action after representing plaintiff in several unsuccessful state actions based on the same series of events. More than a decade of failed attempts to hold the NYCTA and Local 100 liable for alleged discrimination should have been sufficient to convince "a competent attorney, after reasonable inquiry," *Eastway, supra,* at 254, not to bring the same faltering claim into the federal court.

In view of the foregoing, the Court, pursuant to its discretionary authority under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k) awards attorney's fees to the defendants. The Court also imposes sanctions against plaintiff's attorney pursuant to Fed.R.Civ.P. 11. The defendants shall submit an accounting of their fees and costs, and the Court shall apportion the fees between plaintiff and his counsel as the Court deems just and appropriate.

SO ORDERED.

### APPENDIX A

Table Showing Issues Barred by *Res Judicata* in The Case of
*Theodore F. Johnson v. NYCTA* 83 Civ. 1352 (EDNY)

| Name of Case | Forum & Index No. | Issue(s) | Decision |
|---|---|---|---|
| *Theodore F. Johnson v. NYCTA, et al.* | 1. GCR–31005–73 State Division of Human Rights (SDHR) | 1.a) Transfer to East New York b) Not given Sundays off from work. | 1. No probable cause |
| *Theodore F. Johnson v. NYCTA, et al.* | 2. SDHR GC–559–73 (GC–31625–73) | 2. General Complaint of harassment (retaliation)—no specifics. | 2. No probable cause |

| Name of Case | Forum & Index No. | Issue(s) | Decision |
|---|---|---|---|
| *Theodore F. Johnson v. NYCTA, et al.* | 3. SDHR–GC–901–75 (GC–38724–75) | 3. Docked pay for June 11, 1975 and brought up on disciplinary charges for sick leave abuse. | 3. No probable cause at Division level; appealed by plaintiff herein to SDHR Appeal Bd. which affirmed decision below |
| *Theodore F. Johnson v. NYCTA, et al.* | 4. SDHR–Id–E–O–1084–76 | 4. Harassment because received cautions from supervision (retaliation). | 4. No probable cause at Division level; appealed by plaintiff herein to SDHR Appeal Bd. which affirmed decision below. |
| *Theodore F. Johnson v. NYCTA, et al.* | 5.a. SDHR–ID–EO–1498–77 (EO–52398–77) | 5.a. Suspension for failure to take voluntary demotion for medical incompetence. | 5.a. No probable cause, appealed to SDHR (See #8, 10, *infra* for Article 78 adjudicating this issue). |
| *Theodore F. Johnson v. NYCTA, et al.* | 5.b. SDHR–ID–EO–1498–77 (EO–52398–77). | 5.b. Same as above | 5.b. Appeal Board affirmed lower decision of no probable cause. (See #8, 10 *infra* for Article 78 adjudicating this issue) |
| *Theodore F. Johnson v. NYCTA, et al.* | 6. SDHR–ID–E–O–1200–77 (EO–45977–77) | 6. Harassment, ordered to work w/o med. exam. on June 14, 22, 1976. Ordered to do "regular work" on November 19, 1976 and ordered to report to 239 St. location for restricted work duty. | 6. No probable cause at Division level; appealed by plaintiff herein to SDHR Appeal Bd. which affirmed decision below. |
| *Theodore F. Johnson v. NYCTA, et ano.* | 7. EEOC #021840160 | 7. Charges filed against him for failure to return to work, no differential pay. | 7. Notice of Right to Sue Letter sent upon plaintiff herein to request. See also #9, 11, 12 *infra*. |
| *Theodore F. Johnson v. NYCTA* | 8. Sup. Ct., App. Div., 2d Dept. Index No. 4255/79 transferred up from Sup. Ct., Kings Co. | 8. Medical incompetence as basis for suspension for failure to take voluntary demotion. | 8. Findings and determination resulting from § 75 Civil Service Law hearing affirmed, penalty modified to three (3) month suspension. See also #5, *supra*, #10, *infra*. |
| *Theodore F. Johnson v. NYCTA* | 9. Sup. Ct., Kings Co. Index No. 18366/82 | 9. Claim for differential pay and worker's compensation for dates of | 9. Dismissed for failure to exhaust administrative remedies. See #7, 11, 12, *infra*. |
| *Theodore F. Johnson v. NYCTA* | 10. App. Div. 2d Dept. Appeal of SDHR Id–E–O–1488–77, ID–EO–1498–77 | 10. Suspension for medical incompetence for failure to take voluntary demotion. | 10. See also #5a, 5b and 8 *supra*. Decision pending |
| *Theodore F. Johnson v. NYCTA* | 11. Sup. Ct. App. Div., 2d Dept. Index No. 18366/82 | 11. Differential pay; appeal of #9, *Supra*; See also #11 *infra*. | 11. See #7, 9, *supra*, #12, *infra*. |
| *Theodore F. Johnson v. NYCTA* | 12. Sup. Ct. Kings Co. Index No. 4172/84 | 12. Differential pay after exhausting administrative remedies for dates of July 28, 1981 to Dec. 25, 1981, Dec. 28, 1981 to Nov. 30, 1982, Dec. 1, 1982 to January 21, 1983. See #7, 9, 11, *supra*. | 12. Petition dismissed and arbitration award confirmed. See ##7, 9, 11, *supra*. |
| *Theodore F. Johnson v. NYCTA, et ano.* | 13. Sup. Ct. N.Y. Co., Index No. 16485/84 | 13. Dismissal from employment—petitioner sought evidentiary hearing or reinstatement. | 13. Petition dismissed for failure to state cause of action and statute of limitations bar. See #14, *infra*. |
| *Theodore F. Johnson v. NYCTA, et ano.* | 14. Sup. Ct. App. Div., NYCo. Index No. 16485/84 | 14. Petitioner appealed from decision on issues in #13, *supra*. | 14. Decision in #13, *supra*, affirmed. |

| Issue | Case Determining Issue | Forum(s) + No. | Decision(s) |
|---|---|---|---|
| 1. Performance of full duties while on duty | 1. *Theodore F. Johnson v. NYCTA et al.* | 1. SDHR ID–E–O–1200–77 (EO–45977–77) | 1. No probable cause at Division level by plaintiff herein to SDHR Appeal Bd. which affirmed decision below. |

| Issue | Case Determining Issue | Forum(s) + No. | Decision(s) |
|---|---|---|---|
| 2. Suspension & failure to take voluntary demotion | 2.(a) *Theodore F. Johnson v. NYCTA* | 2. a. SDHR ID–E–O–11498–77 | 2. (a) No probable cause at lower level and appealed by plaintiff to SDHR Appeal Board which affirmed. |
| | (b) *Theodore F. Johnson v. NYCTA* | b. Sup. Ct., App. Div. 2d Dept.Index No. 4255/79 transferred up from Kings Co., Sup. Ct. | (b) Findings and determination of TA resulting from § 75 Civil Service Law Hearing affirmed penalty modified to three (3) months suspension. |
| | (c) *Theodore F. Johnson v. NYCTA* | (c) SDHR Id–1498–77 | (c) No probable case at lower + by plaintiff to SDHR Appeal Board which affirmed. |
| | (d) *Theodore F. Johnson v. NYCTA, et al.* | (d) EO–1498–77, EO–52398–77 | (d) No probable cause. |
| | (e) *Theodore F. Johnson v. NYCTA, et al.* | (e) App. Div., 2d EO–1498–77, EO–52398–77 | (e) Appeal of 2(d), *supra*, pending |
| 3. Transfer from Brooklyn | 3. *Theodore F. Johnson v. NYCTA, et al.* | 3. SDHR ID–E–O–1200–77 (EO–45977–77) | 3. No probable cause at Division level. Appealed by plaintiff herein to SDHR Appeal Bd., which affirmed decision below |
| 4. Denial of pay differential | 4. (a) *Theodore F. Johnson v. NYCTA, et ano.* | 4. (a) EEOC 021840160 | 4. (a) Notice of Right to sue letter sent upon plaintiff herein's request. |
| | (b) *Theodore F. Johnson v. NYCTA* | (b) Sup. Ct., Kings Co. Index. No. 18366/82 | (b) Dismissed for failure to exhaust administrative remedies. |
| | (c) *Theodore F. Johnson v. NYCTA* | (c) App. Div., 2d. Kings Co. Index No. 18366/82 | (c) Dismissed, failure to perfect (decision on the merits). |
| | (d) *Theodore F. Johnson v. NYCTA* | (d) Sup. Ct., Kings Index No. 4172/82 | (d) Petition dismissed and arbitration confirmed. |
| 5. Refusing to pay for plaintiff's 1976 hospitalization. | 5. *Theodore F. Johnson v. NYCTA, et al.* | 5. Issue could have been litigated SDHR Id–E–O–1200–77 | 5. No probable cause at Division level appealed by plaintiff herein to SDHR appeal bd. which affirmed decision below. |
| 6. Docking pay and filing charges against him for seeking hosp. treatment. | 6. *Theodore F. Johnson v. City of N.Y., Transit Authority, et al.* | 6. SDHR GC–901–75 (GC–38724–75) | 6. No probable cause at Division level appealed by plaintiff herein to SDHR Appeal Bd. which affirmed decision below. |
| 7. Improperly filing charges of misconduct and incompetence against plaintiff in October, 1983. | 7. (a) *Theodore F. Johnson, et ano. v. NYCTA, et ano.* | 7. (a) EEOC021840160 (as amended) | 7.(a) Notice of Right to Sue letter sent upon plaintiff herein's request. |
| | (b) *Theodore F. Johnson, et ano. v. NYCTA, et ano.* | (b) Sup.Ct., N.Y.Co. Index No. 16485/84 | (b) Petition dismissed. |
| | (c) *Theodore F. Johnson, et ano. v. NYCTA, et ano.* | (c) App.Div., 1st Dept. N.Y.Co.Index No. 16485/84 | (c) Appealed by plaintiff herein, decision below dismissing petition affirmed. |
| 8. Being pushed off ladder. | 8. In the following cases, plaintiff alleges he fell; he could have alleged he had been pushed. | | |
| | (a) *Theodore F. Johnson v. NYCTA* | (a) EEOC #021840160 | (a) Notice of Right to sue letter issued at plaintiff herein's request. |
| | (b) *Theodore F. Johnson v. NYCTA* | (b) Sup.Ct., Kings Co. Index No. 18366/82 | (b) Dismissed for failure to exhaust administrative remedies. |
| | (c) *Theodore F. Johnson v. NYCTA* | (c) App.Div.2d Dept. Kings Co. Index No. 18366/82 | (c) Dismissed, failure to perfect (dec. on merits) |
| | (d) *Theodore F. Johnson v. NYCTA* | (d) Sup.Ct. Kings Co. Index. No. 4172/82 | (d) Petition dismissed and arbitration award confirmed. |

Dated: Brooklyn, New York
 July 2, 1985

Respectfully Submitted
Janice O. Taylor
Associate Attorney
Albert C. Cosenza
Vice President & General Counsel
NYCTA, et al.