Theodore F. JOHNSON, Plaintiff,

v.

NEW YORK CITY TRANSIT AUTHORI-
TY, William Oates, John Fred Frasario,
Gary Lampell, Lou Nicosia, Henry
Kossman, and "John" Jenkins, Defend-
ants.

Theodore F. JOHNSON, Plaintiff,

v.

NEW YORK CITY TRANSIT AUTHORI-
TY and Local 100, Transport Workers
Union of America, AFL–CIO, Defend-
ants.

Nos. 83 Civ. 1352, 85 Civ. 0629.

United States District Court,
E.D. New York.

Aug. 5, 1986.

Lecci, Wolin & Wolin, Hicksville, N.Y., for plaintiff; Alan E. Wolin, of counsel.

Albert C. Cosenza, Brooklyn, N.Y., for defendant New York City Transit Authority; Gloria E. Colon, Eugene Freidus, of counsel.

O'Donnell & Schwartz, New York City, for defendant Local 100, Transport Workers Union of America, AFL–CIO; Carl Rachlin, Catherine J. Minuse, of counsel.

BARTELS, District Judge.

On May 8, 1986, 639 F.Supp. 887, this Court dismissed plaintiff's § 1983 and Title VII complaints and awarded attorneys' fees to defendants pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k). The Court also imposed sanctions on the plaintiff and on plaintiff's attorney pursuant to Federal Rule of Civil Procedure 11.

Plaintiff now moves for a reconsideration and rehearing of that part of the Court's memorandum-decision and order dated May 8, 1986, which imposed fees and costs upon plaintiff and his counsel and, upon such reconsideration and rehearing, to delete that portion of the decision and order which awarded said fees and costs. In the alternative, he requests a stay of that portion of the decision and order pending an appeal. It appears from the motion papers that, in reality, he is also moving for reconsideration of the merits of the decision. Upon reconsideration of the entire decision and that portion regarding the imposition of sanctions, fees and costs, the Court adheres to its original decision and denies plaintiff's motion in all respects as explained below.

Plaintiff attempts to reargue the merits of the May 8th decision in order to demonstrate that his action was not frivolous, relying upon a number of inaccurate, if not contradictory, statements. A reference to the chart set forth in Appendix A attached to the opinion, as well as the discussion therein, clearly answers his assertions. Plaintiff also makes the following arguments:

■ First, he argues that the fact that Judge Bramwell in a prior decision of May 4, 1984, dismissing Johnson's claims accruing prior to 1977 as *res judicata* (not those accruing subsequent to 1977) without imposing sanctions upon the plaintiff was evidence that his present claim is not frivolous. There is no basis for this contention since Judge Bramwell, in dismissing the action, stated that "this Court finds that the doctrine of *res judicata*, the interests of judicial economy, and the strong judicial policy which discourages duplicative litigation mandate a dismissal of plaintiff's retaliatory discrimination claims based on defendants' alleged actions occurring prior to August, 1977." If the litigation was duplicative because it had been previously decided, it was frivolous. Moreover, the Judge specifically denied the claim against Local 100 because it was barred in its entirety by the six-month statute of limitations. Obviously, this argument is without merit.

■ Second, plaintiff asserts that he did have *some* successes during his decade of litigation against these defendants, and that in view of these successes his federal complaints could not be viewed as "patently without substance." (Pl.Br. at 8). These "successes" consist of a few findings by the State Division of Human Rights that plaintiff had the scintilla of evidence necessary to allow his claim to go to a public hearing. After the public hearings, however, plaintiff's petitions were dismissed (Appendix A of Decision of 5/8/86). It is clear that these brief moments of temporary success are insufficient to shore up his failed claims which he persistently thereafter litigated many times.

## I

■ In *Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985), the plaintiff construction corporation, like the plaintiff in the case at bar, had also enjoyed a few momentary successes along its litigious road. It prevailed against the City in an Article 78 proceeding in the State Supreme Court, but that determination was ultimately reversed by the Appellate Division. Plaintiff's counsel argues that the Court of Appeals in *Eastway* indicated (at 254) that the present case was not the type of case justifying the imposition of Rule 11 sanctions, because it is unclear in this case that plaintiff had no chance of success. The Court disagrees. After the number of prior dismissals of plaintiff's complaints, no reasonable argument can be made that the plaintiff had a chance of success. A preliminary procedural victory provided no protection against Rule 11 sanctions when the ultimate legal outcome was clearly foreseeable as a failure. As stated by the Court of Appeals in *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir.1986): "Plaintiffs and their attorneys seem to believe that if at first you don't prevail, sue, sue again. The time has come to stop this repetitive litigation." And again, in *In re Martin-Trigona*, 795 F.2d 9, 12 (2d Cir. 1986): "No litigant has the right to monopolize judicial resources and thus indirectly to obstruct other litigants asserting good faith claims."

■ Third, in order to justify good faith plaintiff's counsel argues that he diligently obtained information from his client, the plaintiff, concerning the claims he prosecuted. He adds no facts not previously discussed in the opinion. Indeed, he claims that as plaintiff's attorney he actually advised the plaintiff not to pursue the complaint against Local 100, but "plaintiff refused." (Pl.Br. at 22). In the language of the Court of Appeals, "[s]ubjective good faith no longer provides the safe harbor it once did." *Eastway* at 253. If plaintiff's attorney felt that the claim against Local 100 was not viable, he should have requested the Court's permission to withdraw as counsel. *See Code of Professional Responsibility*, Disciplinary Rule 2–110(B), 2–110(C). The Union claims that the failure of plaintiff's counsel to withdraw the claim against the Union as of April, 1985, was a concession that he should be sanctioned for any proceedings thereafter. The Court agrees.

■ Fourth, plaintiff's attorney claims that he was never put on notice that he risked the threat of sanctions. The Court finds, however, that plaintiff's attorney was put on notice of such a possibility in several ways: (a) the Transit Authority's motion to dismiss or, in the alternative, for summary judgment requesting fees and costs, and (b) Local 100 interposed a counterclaim for costs and fees. As the Court stated in its opinion of May 8, 1986, the plaintiff's "repeated [litigation] failings should have put the plaintiff on notice of the possibility that his adversaries might be awarded counsel fees." *Eastway* at 252; *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir.1976). It should be added that there is nothing in Rule 11 which requires notice of probable sanctions. The rule speaks for itself.

There was no basis for the action against the Union and there was no reason for counsel's failure to disassociate himself from plaintiff's claim against the Union. Plaintiff's motion to dismiss the Union's counterclaim indicates that counsel pursued the claim against Local 100.

## II

■ It remains for the Court to consider the issue of imposing fees and costs. In doing so it is mindful of the mandate of the Second Circuit which requires that "all litigating attorneys keep daily time records." *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). In this case the attorney for the defendant New York City Transit Authority has requested fees aggregating $6,575.00 and costs of $250.00. However, the Authority is unable, as required, to do anything more than estimate the hours spent by its attorneys in reaching the

$6,575.00 figure. Consequently, this amount must be disallowed and only costs of $250.00 are allowable.

As far as the Union, Local 100, is concerned, it has asked for fees of $8,938.75 and costs of $32.50. But the contemporaneous time record of the Union has only been kept for Catherine J. Minuse. She is a graduate of Cornell Law School and a former law clerk to Judge Robert J. Ward of the United States District Court for the Southern District of New York. Her contemporaneous daily time record shows that she spent approximately 69 hours at the rate of $100.00 an hour, aggregating $6,900.00. Under the circumstances, this Court believes the rate and hours are proper and accordingly grants such allowance.

No records having been produced with respect to Carl Rachlin, the Union's attorney, who states that he spent 5.5 hours at the rate of $125.00 an hour ($687.50), nor for Enid Karpeth, another Union attorney, who, it is claimed, expended 17.75 hours at the rate of $75.00 an hour ($1,331.75), the Court denies the application for fees concerning them. However, it does allow the costs of $32.50 explained in Carl Rachlin's affidavit.

In sum, the Court allows to the Transit Authority only $250.00 costs, and to the Union $6,900.00 fees and $32.50 costs, aggregating $6,932.50. One-half of $6,932.50—$3,466.25—shall be assessed against the plaintiff and one-half, $3,466.25, shall be assessed against counsel for the plaintiff. These sums shall be paid to the Union. One-half of $250.00—$125.00 —shall be assessed against the plaintiff and one-half, $125.00, shall be assessed against counsel for the plaintiff, which shall be paid to the Authority.

As above stated, plaintiff moves for a stay of implementing that part of the Court's decision awarding fees and costs pending an appeal to the Second Circuit Court of Appeals. Federal Rule of Civil Procedure 62(d) provides for a stay "when an appeal is taken" and a supersedeas bond is posted. *See generally,* 11 C. Wright and A. Miller, *Federal Practice and Proce-*

*dure,* § 2905 (1973 and 1985 Supp.). Local Rule 41 provides:

> A supersedeas bond, where the judgment is for a sum of money only, shall be in the amount of the judgment plus 11% to cover interest and such damages for delay as may be awarded.

The application for a stay is granted on condition that plaintiff and his attorney post a supersedeas bond in the amount of the judgment plus 11%.

SO ORDERED.