09-3385-cv
Johnson v. Chairman New York City Transit Authority

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT:
        JON O. NEWMAN,
        JOHN M. WALKER, JR.,
        GERARD E. LYNCH,
                *Circuit Judges.*

_____

Theodore F. Johnson,

        *Plaintiff-Appellant,*

        v.                                         No. 09-3385-cv

Chairman New York City Transit Authority,

        *Defendant-Appellee.*

_____

FOR APPELLANT:        Theodore F. Johnson, *pro se*, Hempstead, NY.

FOR APPELLEE:         Baimusa Kamara, Office of the General
                      Counsel, New York City Transit Authority,
                      Brooklyn, NY.


        Appeal from a judgment of the United States District Court

for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Theodore F. Johnson, *pro se*, appeals the district court's dismissal of his complaint alleging various claims under 42 U.S.C. §§ 1983 and 1985; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Americans With Disabilities Act, 42 U.S.C. §§ 12112-12117; and the Fifth, Seventh, and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Johnson brought this action against the New York City Transit Authority ("NYCTA"), where he used to be employed, alleging discrimination in connection with his termination and calculation of pension benefits in 1984. The suit challenges actions taken long before any conceivable applicable limitation period, and in any event the events in question were the subject of suits brought as early as 1983 and 1985, which were decided against him on the merits and became final in 1986. *Johnson v. New York City Transit Auth.*, Nos. 83 Civ. 1352, 85 Civ. 629 (E.D.N.Y.) (May 8, 1986 Memorandum and Order dismissing both complaints for failing to state a claim). Although these suits were dismissed for legal defects and never reached the stage of a jury trial, they nevertheless were properly terminated. His

2

claims are thus also barred by the doctrine of *res judicata*. *See generally Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

Since that time, appellant has filed numerous duplicative actions; as long ago as 1990, the United States District Court for the Eastern District of New York entered an order prohibiting him from filing further actions. This Court affirmed that order, *Johnson v. New York City Transit Auth.*, 923 F.2d 844 (2d Cir. 1990), and contrary to claims Johnson has made at times in the past, this Court has never "rescinded" or vacated it. *See Johnson v. New York City Transit Auth.*, 198 F. App'x 53 (2d Cir. 2006) (affirming that 1990 order was still valid). The district court, in reliance on that order, correctly dismissed this action, and its order is accordingly affirmed.

This order constitutes the third time since the entry of the 1990 injunction that we have affirmed the district court's dismissal of Johnson's repetitive claims. In light of his long history of meritless and vexatious litigation arising from his termination by the NYCTA, it is to be earnestly hoped that appellant will not continue to waste his own, the appellees', and the courts' resources with further filings. In any event, Johnson is reminded that the 1990 order prohibiting such filings remains in full force, and that he should not expect to continue to violate it without facing sanctions. He is hereby advised that any future frivolous appeals, motions, or other filings concerning these matters could result in the imposition of

sanctions, including an order barring any future filings without approval by this Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotation marks omitted); *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993) ("[C]ourts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities."); *Sassower v. Sansverie,* 885 F.2d 9, 11 (2d Cir. 1989) (warning appellant who "abused the judicial process to harass defendants with vexations and frivolous suits" and who then filed a "frivolous" appeal "that if he continues to abuse the judicial process by the instigation of frivolous appeals, an injunction will issue directing the Clerk of this Court to refuse to accept for filing any submissions from him, unless he has first obtained leave of the Court to file such papers.").

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4