22-777-cv
Shah v. United States of America

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-two.

PRESENT: RAYMOND J. LOHIER, JR.,
　　　　　　SUSAN L. CARNEY,
　　　　　　ALISON J. NATHAN,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

BHUPENDRA K. SHAH,

　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　No. 22-777-cv

UNITED STATES OF AMERICA,

　　　　　*Defendant-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:                    BHUPENDRA K. SHAH, *pro se*,
                                  Pearl River, NY

FOR APPELLEE:                     No appearance

Appeal from a judgment of the United States District Court for the

Southern District of New York (Laura Taylor Swain, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Bhupendra Shah, proceeding pro se, appeals from a March 14, 2022

judgment of the District Court (Swain, C.J.) dismissing his complaint sua sponte

and without prejudice for failure to comply with a filing injunction previously

imposed on August 19, 2014.   The injunction, which was imposed due to Shah's

history of frivolous pro se litigation in the Southern District of New York,

required Shah to obtain leave from the District Court before filing any new

actions in the Southern District of New York.   When the injunction was

imposed, Shah was warned that if he "violate[d] this order and file[d] an action

without first filing a motion for leave to file, the action will be dismissed for

failure to comply with this order."   Shah v. N. Y. S. Off. of Mental Health, No.

14-cv-3304, ECF No. 7 (S.D.N.Y. Aug. 22, 2014) (bar order).   Shah sought to

appeal the judgment imposing the filing injunction, but on May 7, 2015, this Court dismissed his appeal for lack of jurisdiction because it was not timely filed. Shah v. N. Y. S. Off. of Mental Health, No. 15-655-cv, ECF No. 23 (2d Cir. May 7, 2015) (order dismissing appeal).

On March 11, 2022, Shah filed the complaint initiating this action in the Southern District of New York without first obtaining leave to file. On March 14, 2022, the District Court dismissed the action without prejudice for Shah's "failure to comply with the August 19, 2014 order." App'x iv. Shah appealed.

We have not previously decided how to construe a challenge to a district court's dismissal of a docketed complaint pursuant to an anti-filing injunction. We have held that "[a]n appellate challenge (however styled) to a court's refusal to accept for filing papers that were submitted in violation of an anti-filing injunction, or in compliance with one, will be construed as petitions for mandamus and docketed as such in this Court." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005). But here, the District Court accepted Shah's complaint before dismissing it for failure to comply with the filing injunction.

Although there remains some question about whether to construe Shah's

3

challenge as a petition for a writ of mandamus or as a direct appeal, construing it as a direct appeal results in a standard of review that is more favorable to Shah. So construed, we affirm the District Court's judgment of dismissal. The filing injunction remains in full force and applies to all actions filed by Shah in the Southern District, including this one. Upon receiving Shah's complaint, the District Court properly applied the terms of the injunction to dismiss the case. See, e.g., Hong Mai Sa, 406 F.3d at 158 ("No due process issue is presented by [the filing injunction] procedure and disposition."); Johnson v. Chairman N.Y.C. Transit Auth., 377 F. App'x 46, 48 (2d Cir. 2010) (summary order) (affirming dismissal of an action pursuant to a similar anti-filing injunction); see also In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993) ("[C]ourts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities."). Moreover, because the District Court dismissed Shah's complaint without prejudice, Shah may re-file his complaint if he complies with the leave-to-file procedure set forth in the filing injunction.

To the extent that Shah argues that the imposition of the filing injunction violated his due-process rights, the validity of that order is not properly before

4

this Court.   See Hong Mai Sa, 406 F.3d at 158 ("Any challenge to the procedures authorized by [the filing injunction] either w[as] or could have been raised on the direct appeal from that order."); see also Midamines SPRL Ltd. v. KBC Bank N.V., 719 F. App'x 41, 44 (2d Cir. 2017) (summary order) ("To the extent the appellants seek here to challenge the propriety of the filing injunction, we lack jurisdiction to review it, and we reject any effort to litigate or resolve additional issues not properly before this court.").

We have considered Shah's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5