823 F.2d 31
 45 Fair Empl.Prac.Cas. 108,
43 Empl. Prac. Dec. P 37,300
Theodore F. JOHNSON, Plaintiff-Appellant,
v.
NEW YORK CITY TRANSIT AUTHORITY, William Oates, John Fred
Frasario, Gary Lampell, Lou Nicosia, Henry
Kossman, and "John" Jenkins,
Defendants-Appellees.
Theodore F. JOHNSON, Plaintiff-Appellant,
v.
NEW YORK CITY TRANSIT AUTHORITY and Local 100, Transport
Workers Union of America, AFL-CIO, Defendants-Appellees.
 No. 1034, Docket 86-7406.
 United States Court of Appeals,
Second Circuit.
 Argued May 8, 1987.
Decided July 9, 1987.
 
 Theodore F. Johnson, pro se.
 Gloria E. Colon, Brooklyn, N.Y. (Albert C. Cosenza, Eugene Freidus, Brooklyn, N.Y., on the brief), for defendant-appellee New York City Transit Authority.
 Catherine J. Minuse, New York City (O'Donnell & Schwartz, New York City on the brief), for defendant-appellee Local 100, Transport Workers Union of America, AFL-CIO.
 Before OAKES, NEWMAN and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theodore Johnson appeals from a judgment of the District Court for the Eastern District of New York (John R. Bartels, Judge). The judgment dismissed Johnson's claims alleging a discriminatory discharge in violation of 42 U.S.C. Secs. 1983, 2000e et seq. (1982). As recounted in Judge Bartels' decision of May 8, 1986, Johnson's claims are deficient in numerous respects, and they were properly dismissed. 639 F.Supp. 887.
 
 
 2
 The judgment also awarded attorney's fees and costs in favor of the defendants against Johnson and his counsel. In his May 8 ruling, Judge Bartels concluded that defendants' attorney's fees should be awarded against Johnson pursuant to 42 U.S.C. Secs. 1988, 2000e-5(k) and against his attorney pursuant to Fed.R.Civ.P. 11, in addition to normal taxable costs. On August 5, 1986, Judge Bartels considered the applications of defendants' counsel for determination of fees and costs. He allowed the defendant New York City Transit Authority only its costs of $250; attorney's fees were not allowed in any amount for lack of time records. The defendant union, Local 100 Transport Workers Union of America, AFL-CIO, was awarded costs of $32.50 and fees of $6,900. Half of all costs and fees awarded were assessed against Johnson and half against his attorney, each being assessed a total of $141.25 in costs and $3,450 in fees. An appeal by Johnson's counsel challenging the assessment against him has been withdrawn with prejudice. We therefore consider only the assessment against Johnson.
 
 
 3
 The assessment of half the costs against Johnson was entirely proper, as was the determination of the amount. With respect to the assessment of half the defendant's attorney's fees against Johnson, the matter requires further consideration. The District Court's decision that Johnson personally should be liable to some extent for defendant's attorney's fees under the fee-shifting provisions of the Civil Rights Act and Title VII is well supported by the record, and we will not disturb it. However, we cannot be certain that the District Judge properly exercised his discretion concerning the amount of fees to be assessed against Johnson. We have only recently restated our view that a district judge has considerable, though not unbounded, discretion to determine the appropriate amount of fees to be awarded to a prevailing defendant when such fees are awarded as a sanction for bringing frivolous litigation. Eastway Construction Corp. v. City of New York, 821 F.2d 121 (2d Cir.1987). We specifically pointed out that a district judge need not award a lodestar amount calculated on the basis of hours and time charges but may appropriately take into account various mitigating factors bearing on the degree of sanction that is warranted. And we have previously recognized that ability to pay is appropriately to be considered. See Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028-29 (2d Cir.1979).
 
 
 4
 In this case, Judge Bartels determined the amount of the fee to be awarded first by examining contemporaneous time records. He disallowed the $6,575 of fees claimed by the Transit Authority and $2,038.75 of the fees claimed by the Union for lack of contemporaneous time records. See New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1147 (2d Cir.1983). He found that proper records had been kept by one Union attorney who sought $6,900 for 69 hours at $100 an hour. He then concluded, "Under the circumstances, this Court believes the rate and hours are proper and accordingly grants such allowance."
 
 
 5
 We cannot be certain from the Judge's opinion whether he exercised his discretion to determine the amount of a fee that should be imposed upon the plaintiff as a sanction. Having disallowed $8,613.75 of claimed fees for lack of time records, and having assessed half the supportable fees against Johnson's attorney, Judge Bartels may well have thought that $3,450 was an appropriate sanction to be imposed upon Johnson. On the other hand, his opinion suggests that he selected the amount solely because he found the claimed rate and hours to be proper and "accordingly" granted the allowance. Though $3,450 is not necessarily an excessive award under the circumstances, it may be more of a sanction than is appropriate for a discharged transit employee.
 
 
 6
 We will therefore vacate the fee award and remand the matter to the District Court for reconsideration of the amount of attorney's fees to be assessed against Johnson.
 
 
 7
 Affirmed in part, vacated in part, and remanded.