**WINE MARKETS INTERNATIONAL, INC., Plaintiff,**

v.

**Noah BASS, et al., Defendants.**

**No. 96–CV–1349 (ADS).**

United States District Court, E.D. New York.

Oct. 15, 1997.

Joseph B. Pritti, New York City, for Plaintiff.

Thadd Blizzard and Joan Jernegan, Weintraub Genshlea & Sproul, Sacramento, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Pending before the court is a motion for sanctions against plaintiff's counsel, Joseph B. Pritti, Esq., ("Mr.Pritti") pursuant to 28 U.S.C. § 1927 and Rule 37 of the Federal Rules of Civil Procedure. The motion arises out of alleged dilatory tactics by Mr. Pritti regarding the scheduling and production for deposition of eight plaintiff witnesses. Defendants' attorneys, Thadd A. Blizzard, Esq. ("Mr.Blizzard"), and Joan A. Jernegan, Esq. ("Ms.Jernegan"), assert that their clients were forced to incur excessive expenses and attorney fees when Mr. Pritti failed to take steps to comply with this court's Order, dated March 26, 1997, which required the production of eight noticed persons by plaintiff for depositions to be taken by defendants between May 1 and May 16, 1997. Defendants contend that Mr. Pritti acted in bad faith, using dilatory conduct to disrupt the taking of the aforementioned depositions primarily with respect to six Wine Markets International ("WMI") employees.

Defendants maintain that Mr. Pritti's conduct is sanctionable pursuant to 28 U.S.C. § 1927 and Rule 37 of the Federal Rules of Civil Procedure. They seek sanctions in the sum of $10,412.50 for attorney fees, unneces-

sary travel expenses and subpoenae costs incurred in obtaining the depositions. *Affidavit of Thadd Blizzard, Esq.*, dated June 24, 1997, at ¶ 4.

## BACKGROUND

In October 1996, defendants' counsel requested the names and addresses of WMI employees, and the two WMI owners. Mr. Pritti responded by letter dated October 8, wherein he stated:

[W]ith respect to those witnesses who are employed by plaintiff, I will not provide you with their addresses and phone numbers. Pursuant to the New York Canons of Professional Responsibility opposition counsel is not to contact the employees of a party. When and if you desire to take any depositions, at a mutually agreed upon time, I will make them available to you.

*Letter from Joseph Pritti, Esq. to Joan Jernegan, Esq.*, dated October 8, 1996, attached at Exhibit 1 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997.

Defendants' counsel considered Mr. Pritti's correspondence an assurance that counsel would voluntarily produce the WMI employee witnesses and did not pursue their discovery request any further. *See Letters from Joan Jernegan, Esq. to Joseph Pritti, Esq.*, dated April 9 and 15, 1997, attached as Exhibits 7 and 10 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997. Defendants' counsel made no additional efforts to locate or speak with the employees. According to Ms. Jernegan, Mr. Pritti repeated in January 1997 that "all of the WMI employees would be produced by him without the need for subpoena." *See Letter from Joan Jernegan, Esq. to Joseph Pritti, Esq.*, April 15, 1997, attached as Exhibit 10 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997.

In the October 8, 1996 letter, as well as in correspondence dated October 5, 1996, Mr. Pritti distinguished between "non-party witnesses" and the WMI employees sought for deposition. *See id. Letter from Joseph Pritti, Esq. to Phillip Landrigan, Joan Jernegan, and Edward Griffith, Esqs.*, dated October 5, 1996, attached as Exhibit 1 to *Affidavit of Joan Jernegan, Esq.*, dated May 2, 1997. Both letters addressed the identification of non-party witnesses as distinct from the identification of WMI employees, who were considered party witnesses.

From February 1997 to March 1997, defendants' counsel attempted to schedule dates and times for the depositions of the WMI witnesses. During these months, Mr. Blizzard sent notices to Mr. Pritti to schedule the depositions, and "[e]ach time, Mr. Pritti took the position that he would 'agree to attempt to schedule' all of the WMI employees' depositions, but each time the attempt was a failure." *See Affidavit of Thadd Blizzard, Esq.*, at ¶ 5, dated April 29, 1997.

Defendants' counsel thereafter sought the court's intervention in scheduling the depositions, resulting in a lengthy conference before the court on March 26, 1997. By Order dated March 26, 1997, the court set a schedule requiring that all eight noticed persons be deposed by Defendants between May 1 and May 16, 1997. *See Order of the Hon. E. Thomas Boyle*, dated March 26, 1997. Ms. Jernegan prepared and filed deposition notices, pursuant to Rules 26, 28, and 30 of the Federal Rules of Civil Procedure, setting the time and location of the depositions at the offices of Phillip C. Landrigan, Esq., counsel to other party defendants herein, with an office at White Plains, New York. *See Notice of Taking Depositions*, dated March 31, 1997, attached as Exhibit 4 to *Affidavit of Thadd Blizzard, Esq.*, dated April 27, 1997.

On April 6, 1997, Mr. Pritti stated that he would not accept the time and location designated by the defendants:

This is to advise you that the depositions of [three] defendants will that [sic] place at my offices where I have the documents necessary to conduct the examination.

Additionally [three other deponents are] over … [sixty-five (65)] years old. Because my office is much more convenient to these witnesses, these depositions will also take place there.

As to the depositions of the remaining witnesses, all must drive from Long Island to Longrigan's [sic] offices in Westchester. It is extremely inconvenient for them to appear at 9:00 a.m. These witnesses will appear for depositions at Mr. Longrigan's

[sic] office at 10:30 a.m. on the scheduled days.

*Letter from Joseph Pritti, Esq. to Thadd Blizzard, Esq.*, dated April 6, 1997, attached as Exhibit 5 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997. Defendants' counsel, Mr. Blizzard, did not consent to the change of location, but agreed to start the depositions at 9:30 a.m. *See Letter from Thadd Blizzard, Esq. to Joseph Pritti, Esq.*, dated April 7, 1997, attached as Exhibit 6 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997.

On April 8, 1997, Mr. Pritti informed Mr. Blizzard that he would not produce the six employee witnesses. He stated that he needed more time to prepare these witnesses, and he did not wish to do so on weekends. *See Letter from Joseph Pritti, Esq. to Thadd Blizzard*, dated April 8, 1997, attached as Exhibit F, *Affidavit of Thadd Blizzard, Esq.*, dated June 24, 1997, at ¶ 2. As a further basis for not producing the six employee witnesses, Mr. Pritti for the first time asserted that they were "non-party witnesses," whom he had no obligation to produce. *Letter from Joseph Pritti, Esq. to Thadd Blizzard, Esq.*, dated April 8, 1997, attached at Exhibit 2 to *Affidavit of Joan A. Jernegan, Esq.*, dated May 2, 1997. Mr. Blizzard asserts that Mr. Pritti's refusal to produce the six WMI employees immediately followed Mr. Blizzard's refusal to change the place of the depositions to Mr. Pritti's office in New York, and was an act of retaliation. *See Letter from Thadd Blizzard, Esq. To the Hon. E. Thomas Boyle*, dated April 16, 1997.

Two days later, on April 10, Mr. Pritti identified Stephen Rosenberg, Esq., of the law firm of Franzino & Rosenberg, located at 300 East 42nd Street, New York, New York, as the attorney for the six employee witnesses. *See Letter from Joseph Pritti, Esq. to Joan Jernegan, Esq.*, dated April 10, 1997, attached as Exhibit 8 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997. Mr. Pritti was formerly associated with Mr. Rosenberg, and continues to share office space with him. *See Def.'s Mem. Of Law,*

dated June 24, 1997, at 7[1]. Mr. Rosenberg states that he was "approached" by Mr. Pritti to represent these witnesses two days earlier, on April 8, 1997. *See Affidavit of Stephen Rosenberg, Esq.*, dated July 1, 1997, at ¶ 2.

On April 14, 1997, Mr. Pritti informed Ms. Jernegan that one of Mr. Pritti's clients, Karen Nathanson, would not be available to testify until after May 16, 1997, because her mother had passed away on April 13, 1997, and her religious beliefs required her to observe a one month mourning period. *Letter of Joseph Pritti, Esq. to Joan Jernegan, Esq.*, dated April 13, 1997, attached as Exhibit 12 to the *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997. Ms. Jernegan expressed her willingness to take this deposition between May 13 and 16, 1997, but otherwise refused to agree to the extension. *Affidavit of Joan Jernegan, Esq.*, dated May 2, 1997 at ¶ 10. Any such extension would mean that the California-based law firm conducting the depositions in New York would have to further extend their stay in New York beyond the period (May 1—May 16) which had been set by the scheduling order.

Ms. Jernegan had a telephone conversation with Mr. Rosenberg on April 14, 1997, to obtain his alleged new clients' addresses. Mr. Rosenberg was not willing to agree to produce his clients voluntarily and did not provide any addresses. Defendants' counsel then wrote to Mr. Pritti, who responded on April 17, 1997, providing the requested address information. *Id.*

On April 17, 1997, the defendants subpoenaed the WMI employee witnesses, an act Mr. Pritti had promised would not be necessary. They did so in an attempt to insure the witnesses' appearances at depositions between May 1 and May 16, 1997 as set forth in the scheduling order. *See Subpoenas*, dated April 17, 1997, attached as Exhibit 13 to *Affidavit of Thadd Blizzard, Esq.*, dated April 29, 1997. In addition, Defendants' counsel sought court intervention in a preventative effort to maintain the scheduling order set by the court. *See Letter from*

---

**1.** Mr. Pritti's law offices are located at the same address, 300 East 42nd Street, New York, New York, as the law firm of Franzino & Rosenberg.

*Letter from Joseph Pritti to Joan Jernegan*, dated April 10, 1997, attached at Exhibit 8 to *Affidavit of Thadd Blizzard*, dated April 9, 1997.

*Thadd Blizzard, Esq. to the Hon. E. Thomas Boyle,* dated April 16, 1997. By Order dated April 21, 1997, this court directed that all depositions scheduled between May 1 and May 16, 1997, take place as previously ordered. *Order of the Hon. E. Thomas Boyle,* dated April 21, 1997. On April 30, 1997, Mr. Rosenberg wrote defendants' counsel stating, "I believe we can work out an acceptable schedule ... to reshuffle the dates." *Letter from Stephen Rosenberg, Esq.,* dated April 30, 1997, attached to *Affidavit of Stephen M. Rosenberg Esq.,* at Exhibit F. Mr. Rosenberg sent this letter to Defendants' counsel in California the day before the depositions were to commence.

The depositions occurred within the time frame directed by the court. Although Mr. Pritti attended all of the WMI employee depositions, no WMI employee appeared represented by Mr. Rosenberg or any other separate counsel. *Supplemental Affidavit of Thadd Blizzard, Esq.,* dated May 23, 1997, at ¶ 6.

In defense of his conduct, Mr. Pritti contends that the depositions were not delayed and no court order was violated and therefore costs may not be assessed. Mr. Pritti maintains that immediately after Defendants refused to change the location of the of the depositions to Mr. Pritti's office, he became aware that the scheduling of the employee witnesses "would conflict with [his] responsibilities to plaintiff WMI." *See Affidavit of Joseph B. Pritti. Esq. in Opp.,* dated July 1, 1997, at ¶ 9. In addition, Mr. Pritti claims that as a sole practitioner, he could not devote the required amount of time to the scheduling of these depositions. *See id.* at ¶ 10. For these reasons, he states that he informed Defendants' counsel that the "non-party" (employee) witnesses would be represented by Steven Rosenberg of Franzio & Rosenberg, located at the same address as Mr. Pritti's offices. *See Letter from Joseph B. Pritti. Esq. to Joan Jernegan,* dated April 10, 1997, attached as Exhibit D of *Affidavit of Joseph B. Pritti, Esq. in Opp.*

## DISCUSSION

A. *Motion for Sanctions Pursuant to 28 U.S.C. § 1927*

■■ Section 1927 provides:

Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See* 28 U.S.C. § 1927. The primary concern of § 1927 is to limit the abuse of court processes, particularly abuses connected with pre-trial discovery. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 757 n. 4, 100 S.Ct. 2455, 2459 n. 4, 65 L.Ed.2d 488 (1980). To impose sanctions under § 1927, the court must determine whether an attorney acted in bad faith. *See United States v. International Bd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991) ("Bad faith is the touchstone of an award under this statute."). Moreover, the Second Circuit has "emphasized the requirement that an attorney's acts be vexatious." *Keller v. Mobil Corp.,* 55 F.3d 94, 99 (2d Cir.1995). An award pursuant to § 1927 is proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." *State of New York v. Operation Rescue Nat'l,* 80 F.3d 64, 72 (2d Cir.) (internal quotations omitted), *cert. denied sub nom., Broderick v. United States,* —— U.S. ——, 117 S.Ct. 85, 136 L.Ed.2d 42 (1996).

■ Mr. Pritti's conduct rises to the level of a "clear showing of bad faith." *Kamen v. American Telephone & Telegraph Co.,* 791 F.2d 1006, 1010 (2d Cir.1986) (citations omitted). He unreasonably and vexatiously multiplied the proceedings and needlessly increased the cost of discovery. Not only did Mr. Pritti force defendants' counsel to seek two discovery orders from this court, but he also required defense counsel to issue and serve subpoenas, contrary to his repeated representations earlier in the litigation. In addition, due to Mr. Pritti's conduct, defense counsel was forced to file this motion and wait until the last minute to purchase airline tickets at a higher cost. Mr. Pritti's actions served no purpose other than to harass and to delay the proceedings. *See Agee v. Paramount Communications,* 869 F.Supp. 209, 212 (S.D.N.Y.) (quoting *Dow Chemical Pacif-*

*ic Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir.1986)).

██ The affidavit of Mr. Pritti in opposition to the motion herein fails to set forth the facts to support his claimed scheduling "conflict of interest," which at the last minute led to his refusal to schedule the depositions of the six WMI employee witnesses. Mr. Pritti's conclusory statement that his representation of the WMI employees would conflict with his "paramount" "obligations to WMI, by whom [he] was paid and whom [he] represented" does not present a "conflict of interest" and is no justification for his conduct herein. *See Affidavit of Joseph B. Pritti, Esq. in Opp.,* dated July 1, 1997, at ¶ 9. Moreover, although Mr. Rosenberg allegedly undertook the representation of the six employee witnesses, it is undisputed that he never appeared at any of the depositions, nor did he ever provide Defendants' counsel with his clients' addresses. *See Affidavit of Stephen M. Rosenberg in Opp.,* at ¶ 16. No retainer agreements were provided to the court. The alleged retention of Mr. Rosenberg was nothing but a ruse to delay and annoy, orchestrated by Mr. Pritti to coerce concessions with regard to the location of the depositions.

The fact that the depositions actually occurred between May 1 and May 16, 1997, as directed by the court, does not excuse Mr. Pritti's vexatious tactics. *See Apex Oil Co. v. Belcher Co. Of New York, Inc.,* 855 F.2d 1009, 1020 (2d Cir.1988) (imposing sanctions under § 1927 where defendant's counsel refused to comply with plaintiff's discovery requests until plaintiff's counsel made a motion to compel). Unlike sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party need not violate a court order to be subject to § 1927 sanctions. Mr. Pritti initially refused to schedule the depositions. Then, after defendants' filing of a pre-emptive motion to adhere to the scheduling order, Mr. Pritti suddenly provided defense counsel with the witness' addresses and an assurance that the witnesses would appear as ordered. *See id.* ("After each motion was

made, defense counsel 'mysteriously' ... complied with the requests"). Putting the defendants "to the expense of making a motion and then agreeing to the request," is further evidence of Mr. Pritti's bad faith under § 1927. *See id.* (internal quotations omitted).

██ While Ms. Jernegan and Mr. Blizzard are entitled to recover additional expenses incurred as a result of Mr. Pritti's conduct, they have failed to provide sufficient information to establish the amount. In order to obtain attorney's fees, the party seeking recovery must submit contemporaneous time records. *See New York State Association for Retarded Children, Inc., v. Carey,* 711 F.2d 1136, 1147 (2d Cir.1983); *Monaghan v. SZS 33 Associates, L.P.,* 154 F.R.D. 78, 83 (S.D.N.Y.1994). Defendants' counsel must therefore submit contemporaneous time records to the court which specify the dates, hours and nature of work. *See Johnson v. New York City Transit Authority,* 823 F.2d 31, 33 (2d Cir.1987).[2] As for other expenses such as increased travel expenses and the cost of service of the subpoenas on an expedited basis, the court directs defense counsel to submit affidavits containing detailed information and exact figures, rather than approximations.

B. *Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37*

Rule 37 provides, in pertinent part that "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just...." Fed.R.Civ.P. 37(b)(2). The plain language of Rule 37 indicates that it applies where a party has violated an order. Because Mr. Pritti complied with the court-ordered deposition schedule, he is not subject to sanctions under Rule 37. Accordingly, Defendants' motion for sanctions pursuant to Rule 37 is denied.

---

**2.** In submitting these records, Defendants' counsel may not include the additional costs that they incurred in preparing their motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. As discussed *infra,* this motion is denied.

607

CONCLUSION

For the foregoing reasons, the court finds that Joseph B. Pritti, Esq., has violated 28 U.S.C. § 1927 and is subject to sanctions for the additional costs and expenses, including reasonable attorney fees, incurred by the defendants in conducting discovery herein. Under 28 U.S.C. § 1927, Mr. Pritti—not his client WMI—bears the responsibility for the additional costs and expenses incurred by the defendants. *See Oliveri,* 803 F.2d at 1273 ("[A]wards under § 1927 are made only against attorneys or other persons authorized to practice before the courts...."). The total amount of such costs and expenses shall be determined based on the further submissions of the parties.

SO ORDERED.